WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Ericson, | No. CV-15-00628-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Rebekah Browder, et al., | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss by Defendants. (Doc. 7.) For the following reasons, the Court grants the motion.

## BACKGROUND

The facts, as described in the Complaint (Doc. 1-1 at 22-26), are as follows. On September 7, 2011, officers from the City of Sedona Police Department, the City of Phoenix Police Department, and the Maricopa County Sheriff's Office, working under the direct orders and supervision of Bill Montgomery of the Maricopa County Attorney's Office, raided temples in Sedona and Phoenix and seized certain personal belongings of Plaintiff Matthew Ericson, including a 1998 Lexus automobile, computers, camera equipment, and copyrighted artwork created by Ericson, a professional artist. Ericson was not arrested and has never been charged with any crimes.

On multiple occasions in 2011, Ericson requested the return of his property from various parties, including Maricopa County Attorney Rebekah Browder and Maricopa

County Superior Court Judge Paul McMurdie. On December 20, 2011, Ericson filed a letter with Maricopa County Superior Court requesting the same. Ericson never received a forfeiture notice and was denied access to records regarding the seizure by every agency he contacted. On February 16, 2012, Erickson filed an objection to the forfeiture with the Clerk of the Superior Court. (Doc. 7-1 at 3.)[1]

In November of 2013, Maricopa County Superior Court Judge Sherry Stephens issued an order to Ed Leiter, the prosecutor in a criminal case in which Ericson was involved as a non-party, to determine the status of Ericson's seized property.

On February 26, 2014, Ericson learned that his property had been forfeited in a "civil matter" and that Detective Spaw, who was in charge of the Maricopa County Prosecutor's forfeiture division, was unaware of the criminal case that would support the seizure of Ericson's property. In March 2014, Leiter informed Ericson that his car had been forfeited and sold and the whereabouts of his other property were unknown. On March 7, 2014, Prosecutor Leiter informed Judge Stephens that the seizure occurred before he became involved in the case and stated that Ericson would need to pursue civil remedies. Judge Stephens agreed.

One year later, on March 6, 2015, Ericson filed his Complaint in state court, asserting two state claims, negligence (Count 1) and "theft" (Count 2), as well as one federal claim, "violation of civil rights" (Count 3). Defendants removed the case to federal court because the Complaint alleges civil rights violations under 42 U.S.C. § 1983.

**DISCUSSION**

**I.    Legal Standard**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "In deciding such a motion, all material allegations of

---

[1] On a motion to dismiss, the Court may take judicial notice of matters of public record outside the pleadings. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

the complaint are accepted as true, as well as all reasonable inferences to be drawn from them." *Id.* However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II. Analysis

### A. State Law Claims (Counts 1 and 2)

Under Arizona's notice of claim statute:

> Persons who have claims against a public entity . . . or a public employee shall file claims with the person or persons authorized to accept service for the public entity . . . or public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days after the cause of action accrues. . . . *Any claim that is not filed within one hundred eighty days after the cause of action accrues is barred and no action may be maintained thereon*.

A.R.S. § 12-821.01(A) (emphasis added). The cause of action accrues "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." *Id.* § 12-821.01(B).

"The notice of claim requirements in A.R.S. § 12–821.01 serve to allow the public entity to investigate and assess liability, to permit the possibility of settlement prior to litigation, and to assist the public entity in financial planning and budgeting." *Falcon ex*

*rel. Sandoval v. Maricopa Cty.*, 213 Ariz. 525, 527, 144 P.3d 1254, 1256 (2006). "Actual notice and substantial compliance do not excuse failure to comply with the statutory requirements of A.R.S. § 12–821.01(A)." *Id.*

Here, the cause of action accrued, at the latest, by February 16, 2012, the date on which Ericson filed his objection to the forfeiture with the Clerk of the Superior Court. (*See* Doc. 7-1 at 3.) It is undisputed that Ericson did not notify Defendants of his claim until August 27, 2014, two and a half years after the claim accrued. As such, Ericson's state law claims (Counts 1 and 2 of the Complaint) are time-barred by the notice of claim statute. Defendants' motion to dismiss is granted as to Counts 1 and 2 of the Complaint.

### B.     Non-Jural Entity

The Maricopa County Sheriff's Office is a non-jural entity and therefore cannot properly be named as a party in this action. *Braillard v. Maricopa Cnty.,* 224 Ariz. 481, 232 P.3d 1263, 1269 (App. 2010). The Court therefore orders that Maricopa County be substituted as a party in lieu of the MCSO. *See Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) *cert. denied sub nom. Maricopa Cty., Ariz. v. Melendres* (U.S. Jan. 11, 2016); Fed.R.Civ.P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On . . . its own, the court may at any time, on just terms, add or drop a party.").

### C.     Federal Civil Rights Claim

In Ericson's response to the motion to dismiss, he noted that he is acting pro se and requested that the Court inform him of any deficiencies in his pleadings. "In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the district court must give the plaintiff a statement of the complaint's deficiencies. *Id.*

Here, Defendants did not move to dismiss Count 3 of the Complaint, which alleges that Ericson's "constitutionally protected rights against unreasonable and/or unlawful search and seizure have been violated causing severe emotional and financial

- 4 -

hardship." (Doc. 1-1 at 5.) The Complaint provides a factual basis sufficient to support the claim.

## CONCLUSION

Ericson's state law claims are barred as untimely by Arizona's notice of claim statute. Regarding the remaining federal civil rights claim, the Maricopa County Sheriff's Office is a non-jural entity and cannot be named as a party in this action.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss by Defendants (Doc. 7) is GRANTED and Counts 1 and 2 of the Complaint are dismissed.

**IT IS FURTHER ORDERED** that Maricopa County be substituted as a party in lieu of the MCSO.

Dated this 11th day of January, 2016.

Honorable G. Murray Snow
United States District Judge